IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOMINIC MILTON and <br> CHRISTINE EARNEST, <br> <br> Plaintiffs, <br> v. <br> <br> WAL-MART STORES, INC., <br> THE VILLAGE OF GURNEE, <br> MATTHEW NIETFELDT, and <br> JEFFREY HAUPTMAN, <br> <br> Defendants. | No. 11 C 7872 <br> <br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Dominic Milton and Christine Earnest have filed a seven-count first amended complaint against defendants Wal-Mart Stores, Inc., the Village of Gurnee, and two Gurnee police officers, Matthew Nietfeldt and Jeffrey Hauptman. Plaintiffs, an interracial couple, claim that defendants engaged in racial profiling when they falsely accused plaintiffs of purchasing a computer at a Wal-Mart store with counterfeit money and unlawfully entered and searched plaintiffs' home and confiscated the computer. Wal-Mart has answered the complaint, and the Village of Gurnee, Nietfeldt, and Hauptman (collectively, for purposes of this opinion, "defendants") have answered Count I (alleging illegal search and seizure) and filed the instant motion to dismiss the other counts against them (Counts II, III, IV, and VI) pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, that motion is granted.

Plaintiffs contends that dismissal is inappropriate because a "complaint should not be dismissed unless it appears beyond a doubt that [they] can prove no set of facts which would entitle [them] to relief," citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). But this "no set of facts" standard is no longer the law, and as the Supreme Court has advised, "the phrase is best

forgotten." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007) (citations omitted); see Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) ("[Twombly] retooled federal pleading standards, retiring the oft-quoted Conley formulation."). "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation and internal quotations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

Under this standard, Count II of plaintiffs' amended complaint is insufficient. In that count, plaintiffs allege that defendants Nietfeldt and Hauptman's "seizure of [p]laintiffs' lawfully purchased property from Wal-Mart was intentional and unlawful because it deprived [p]laintiffs of their rights of substantive due process in violation of the Fifth and Fourteenth Amendments . . . ." (Emphasis in original.) Unsurprisingly, defendants have interpreted the

2

allegations as asserting a substantive due process claim. They therefore argue in their motion to dismiss that such a claim was impermissible because where a particular Amendment (here, the Fourth Amendment) "provides an explicit textual source of constitutional protection . . . , that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing" that claim. Graham v. Connor, 490 U.S. 386, 395 (1989). Rather than responding to this argument, plaintiffs argue that their complaint in fact alleges a procedural due process claim for deprivation of their property without due process of law. This contention, however, is belied by the language of their amended complaint, which unambiguously alleges a substantive due process claim. Although a plaintiff may attempt to defeat a motion to dismiss by submitting a brief that adds facts to his complaint—so long as "these facts are consistent with the allegations in the complaint"—a brief cannot rewrite a complaint, especially where, as here, the brief's contentions are inconsistent with the complaint's allegations. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999) (quoting Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992)); see Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599 (7th Cir. 2009) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1103 (7th Cir. 1984) (holding that briefs in opposition to a motion to dismiss may not amend a complaint)).

But even if the amended complaint invoked "procedural due process" instead of "substantive due process," the claim would nonetheless be insufficient. Plaintiffs have failed to allege that they lacked an adequate state court remedy, and therefore have not stated a plausible procedural due process claim. The Fourteenth Amendment protects against only those property deprivations for which the state does not provide due process of law, see Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other ground by Daniels v. Williams, 474 U.S. 327 (1986). The

3

complaint is devoid of any allegation that plaintiffs were denied due process. Moreover, as defendants point out, Illinois provides state court remedies; for example, they could have filed a state court action for conversion. The amended complaint goes no further than alleging that the seizure of plaintiffs' property deprived them "of their rights of substantive due process." This is insufficient to allege a procedural due process claim. Count II is dismissed.

Nor do Count III's allegations suffice. In Count III, plaintiffs attempt to allege a Monell claim against defendant Village of Gurnee. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978). As defendants correctly point out, however, the complaint alleges nothing more than the lone incident on which the rest of their complaint is based. Defendants cite a Ninth Circuit case, Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996), for the proposition that "[l]iability for improper custom[s] may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." That is also the law in this circuit. See, e.g., Thomas v. Cook Cty., 604 F.3d 293, 303 (7th Cir. 2010) (citing Monell, 436 U.S. at 691-94) ("We are not dealing with an isolated act of an individual employee, which would be insufficient to establish a widespread custom or practice."); Gustafson v. Jones, 117 F.3d 1015, 1022 (7th Cir. 1997) (citing Bd. of Cty. Comm'rs of Bryan Cty, Okla. v. Brown, 520 U.S. 397, 404 (1997) (explaining that "isolated incidents" of unconstitutional conduct cannot show a municipal policy or custom). Because plaintiffs have alleged only one incident, with their only other allegations consisting of legal labels and conclusions that Gurnee has a widespread practice of failing to discipline police misconduct, Count III fails to state a cognizable claim and is therefore dismissed.

Count IV, plaintiffs' 42 U.S.C. § 1981 claim against defendant Village of Gurnee, fares no better. As defendants note, § 1983 is the "exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989); see Von Zuckerstein v. Argonne Nat'l Lab., 78 F.3d 587, at *1 (table) (7th Cir. 1996) (citing Jett for the principle that "§ 1983 . . . provides the exclusive federal damages remedy for § 1981 claims against state actors"). Plaintiffs respond that the Ninth Circuit observed in Fed. of Af.-Am. Contractors v. City of Oakland, 96 F.3d 1204 (9th Cir. 1996), that § 1981 provides an implied right of action against state actors. But this is not the Ninth Circuit, and plaintiffs have pointed to no authority binding on this court (and the court has independently located no such authority) that has questioned Jett's holding.

Defendants are also correct that plaintiff's amended complaint fails to state a claim for intentional infliction of emotional distress ("IIED") against them in Count VI, which defendant Wal-Mart has answered. Plaintiffs contend that they have alleged adequate facts to establish each of the three required elements: (1) defendants' conduct was extreme and outrageous; (2) defendants intended to inflict severe emotional distress or at least knew there was a high probability that their conduct would cause severe emotional distress; and (3) defendants' conduct caused severe emotional distress. E.g., McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988). As defendants point out, however, there are no facts alleged that could plausibly rise to the level of plaintiffs' having experienced "severe emotional distress."

The complaint makes several allegations relevant to plaintiffs' IIED claim. First, it alleges that when defendants Nietfeldt and Hauptman entered plaintiffs' home, seized the computer they had purchased from Wal-Mart, accused them of stealing, and threatened to arrest

5

them, plaintiffs were humiliated and experienced "undue emotional pain and suffering." In addition, the complaint alleges that plaintiff Earnest, who was then three months pregnant, "became emotionally distraught and fearful as she began crying," that she then "began crying hysterically and as a result, suffered mental anguish and humiliation." Further—although this claim appears to be directed at defendant Wal-Mart—the complaint alleges that plaintiff Milton felt "scared" and did "not feel[ ] free to leave" when he "learned the police were coming to arrest him at the direction of Wal-Mart loss prevention."

None of these allegations, however, rise to the level of "severe emotional distress" (and none of them appear to concern any actions that defendants Village of Gurnee, Hauptman, or Nietfeldt took that caused plaintiff Milton to experience severe emotional distress). Illinois courts have found that "[a]lthough fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable." Welsh v. Commonwealth Edison Co., 713 N.E.2d 679, 684 (1999) (citations and internal quotation marks omitted). Rather, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Id. Plaintiffs' allegations are, under this standard, insufficient to state an IIED claim. See Honaker v. Smith, 256 F.3d 477, 495 (7th Cir. 2001) ("[W]hen plaintiffs have complained that a defendant's actions caused them simply to become annoyed, frustrated, stressful, distressed, embarrassed, humiliated or nervous, those plaintiffs have been found not to have stated a claim under Illinois law."). Defendants' motion is therefore granted as to Count VI.

For the foregoing reasons, the court grants defendants' motion to dismiss Counts II, III, IV, and VI against them.

ENTER: May 25, 2012

_____
**Robert W. Gettleman**
**United States District Judge**